NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONWIDE AMBULANCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> SLYVIA MATTHEWS BURWELL, *et al.*, <br><br> Defendants. | Civil Action No. 15-2505 (CCC) <br><br><br> **REPORT & RECOMMENDATION** |

**FALK, U.S.M.J.**

     Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). [ECF No. 5.] No opposition has been submitted. No argument was heard. Fed. R. Civ. P. 78(b). Based upon the following, it is respectfully recommended that the motion be **GRANTED** and the Complaint **DISMISSED WITHOUT PREJUDICE**.

**RECOMMENDATION**

     The Complaint is a *pro se* submission apparently seeking review of an HHS administrative decision. Plaintiff is Nationwide Ambulance Services, Inc., a corporation listing an address in Cranford, New Jersey. [ECF No. 1 at A.1.] The Complaint was apparently filed by a "Mr. Ivchenko," who identifies himself as "President" of Plaintiff Nationwide. [Id. at p. 5.] No attorney has appeared for Nationwide.

     Defendants have moved for dismissal of the Complaint on three grounds: (1)

Nationwide is a company that may not proceed in federal court without counsel; (2) the Complaint was not properly served; and (3) Nationwide recently had a Chapter 7 Trustee appointed and Mr. Ivchenko is "no longer responsible for the management of Nationwide."

Dismissal, without prejudice, is appropriate because Nationwide must act through counsel.  See, e.g., Osborne v. The Bank of the United States, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by an attorney"); GLES Inc. v. MK Real Estate Dev. & Trade Co., 511 Fed. App'x 189, 191 n.1 (3d Cir. Jan. 23, 2013) (dismissing corporate party because no attorney entered an apperance); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966); Guzman v. U.S. Dep't of Agriculture Food and Nutrition Servs., 931 F. Supp. 2d 488, 490 n.1 (S.D.N.Y. 2013) (corporation may not proceed with administrative appeal without counsel).[1]

This case cannot proceed at this time.  Nationwide must retain counsel if it wants to pursue a lawsuit.  Moreover, it appears that Nationwide may have abandoned this case; no lawyer has entered an appearance, and Defendants' motion to dismiss remains unopposed more than a month after the return date.

The Court is left with a Complaint filed *pro se* by a corporation and met with an unopposed motion to dismiss.[2]  It is recommended that this matter be dismissed without prejudice.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: July 9, 2015**

---

[1] Nothing in Plaintiff's Complaint at all suggests that Nationwide is a sole proprietorship; if anything, the "incorporated" attached to Plaintiff's title confirms it is not.  Therefore, the Court does not consider the question of sole proprietorships proceeding *pro se.*  See, e.g., N.L.R.B. v. Consol. Food Servs. Inc., 81 Fed. Appx. 13, 15 n.1 (6th Cir. 2013).

[2] There also appear to be serious questions relating to service of process and the bankruptcy proceeding.  It is unnecessary to address such concerns now.